IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Bryan Shane Revis, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:11-1017-RMG |
| vs. ) | |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of the Social Security Administration denying him disability insurance benefits under the Social Security Act. In accord with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation on July 30, 2012 recommending that the Commissioner's decision be reversed and remanded because the Administrative Law Judge ("ALJ") had failed to consider an order of the South Carolina Workers' Compensation Commission ("SCWCC") approving the settlement of a worker's compensation claim with the payment of $70,000. (Dkt. No. 23). The Commissioner filed objections to the Report and Recommendation. (Dkt. No. 25). After a careful review of the record, the decision of the ALJ, the Commissioner's objections and the applicable legal standards, the Court adopts the Report and Recommendation of the Magistrate Judge, reverses

the decision of the Commissioner and remands the matter to the Commissioner for further action consistent with this order.

## Legal Standards

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–271, 96 S. Ct. 549, 554, 46 L.Ed.2d 483 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings. *Vitek*, 438 F.3d at 1157–1158.

An essential element of the administrative scheme is that the Commissioner must weigh all relevant evidence and reconcile conflicting and supporting evidence in the record. It is well settled that "[a]ssessing the probative value of competing evidence is quintessentially the role of the fact finder" and a failure of the Commissioner to weigh all relevant evidence mandates remand. *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011). It is also well settled that decisions of other administrative agencies regarding disability of a claimant should be given weight, although such findings are not determinative. *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). As the Fourth Circuit observed in *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983), "[j]udicial review of an administrative decision is impossible without an adequate explanation of that decision by the [Commissioner]."

## Discussion

In this matter, Plaintiff presented an order of the SCWCC which addressed the very same injuries at issue in this Social Security disability application. Record (hereafter "R.") at 111–114. The SCWCC order ultimately approved a $70,000 payment to Plaintiff arising from these injuries. R. at 114. Plaintiff also mentioned the settlement in his testimony. R. at 53. However, the ALJ failed to address the SCWCC's order or weigh this evidence against other supporting and conflicting evidence in the record. R. at 12–27.

The Magistrate Judge recommended the reversal and remand of the Commissioner's decision because there was no practical means to make a substantial evidence review of the entire record where the ALJ had failed to document his consideration of the SCWCC order and the weight he accorded that decision. (Dkt. No. 23 at 22). The Commissioner acknowledges the oversight but argues that any error was harmless. (Dkt. No. 25 at 2). A review of the SCWCC

order reveals that the agency found the claimant had "sustained an injury by accident arising out of and in the course of . . . employment when he was carrying a piece of marble and fell resulting in injury to his back, left shoulder/shoulder blade, left arm, right arm/elbow, left hip, left leg, left ankle, right leg, head, and psyche." R. at 111. The order went on to note disputes concerning "the extent of causally related permanent disability, if any" and thereafter approved a payment to the claimant of $70,000. R. at 111, 114.

A review of the record reveals that the issue of Plaintiff's alleged disability is vigorously contested and the Court agrees with the Magistrate Judge that it is necessary for the Commissioner to weigh the SCWCC order and reconcile it with other supporting and competing evidence in the record. As the Court noted earlier, such assessing of the competing evidence in the record is "quintessentially the role of the fact finder" and "we must remand the case for further fact finding." *Meyer*, 662 F.3d at 707.

## Conclusion

Therefore, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge and **REMANDS** this matter to the Commissioner for further action consistent with this order.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

August 21, 2012
Charleston, South Carolina

-4-